■ In the Matter of STRYCKERS BAY NEIGHBORHOOD COUNCIL, INC., et al., Respondents, v CITY OF NEW YORK et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Amos Bowman, J.), entered October 9, 1987, which directed respondents to prepare an environmental impact statement (EIS), unanimously modified, on the law, to remand the matter to the two respondent city agencies for their consideration of consequential secondary displacement of low-income residents and the businesses that serve them ("gentrification"), and for a "reasoned elaboration" of the basis

of their ultimate determination, and otherwise affirmed, without costs.

Respondents, the City of New York and two of its agencies, the Departments of City Planning and Environmental Protection, concede on appeal that, in view of the recently decided *Chinese Staff & Workers Assn. v City of New York* (68 NY2d 359), their environmental review of this west side urban renewal project should have included gentrification as an environmental factor, and that the failure to do so has rendered the environmental review process thus far incomplete. Such a concession, however, hardly recognizes that an EIS must be prepared, and it was error for the IAS court to order respondents to prepare one absent an administrative determination that the project would have a significant impact on the environment. "The courts instead must limit their review to whether the appropriate agencies identified the relevant areas of concern, took a 'hard look' at them and made a 'reasoned elaboration' of the basis of their determination; the courts' role is a supervisory one *(Aldrich v Pattison,* 107 AD2d 258, 265)." *(Matter of Greenpoint Renaissance Enter. Corp. v City of New York,* 137 AD2d 597, 600.)

Accordingly, a remand to the two city agencies is required for further proceedings in accordance with the foregoing. Concur—Carro, J. P., Asch, Milonas and Wallach, JJ.